UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIGITTE FAYE REYNOLDS,

      Petitioner,                            Case No.13-14989

v.

                                       HON. AVERN COHN

MILLICENT WARREN,

      Respondent,

_____/

## MEMORANDUM AND ORDER OF DISMISSAL AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Brigitte Faye Reynolds (Petitioner) is a state inmate at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan.  She is serving concurrent sentences of eight to twenty five years and seven to fifteen years for four counts of second-degree home invasion, in violation of M.C.L. § 750.110a(3).  Petitioner has filed a pro se petition for writ of habeas corpus claiming that she is incarcerated in violation of her constitutional rights.  For the reasons which follow, the petition will be dismissed because none of Petitioner's claims state a claim upon which habeas relief may be granted,

### II. Procedural History

      Petitioner was convicted of the above offenses following a jury trial in the Alpena County Circuit Court.  She filed an appeal of right with the Michigan Court of Appeals, in which she was represented by the State Appellate Defender Office.  The Michigan Court of Appeals affirmed petitioner's conviction.  People v. Reynolds, No. 303359

(Mich.Ct.App. April 19, 2012).  The Michigan Supreme Court subsequently denied

petitioner leave to appeal. People v. Reynolds, 493 Mich. 890 (2012).

Petitioner has now filed a petition for writ of habeas corpus, presenting the

following issue:

> The [home invasion] charges were improperly joined for trial and the
> convictions should be reversed where the first and second offenses were not
> sufficiently related to each other or to the third and fourth offenses to justify
> joinder of all four offenses.

### III. Facts

The material facts leading to petitioner's conviction are recited verbatim from the

Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct

on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d

410, 413 (6th Cir. 2009):

> The charges brought against defendant stemmed from four separate home
> invasions in Alpena County.  Two were of the residences of Rosemary Trelfa
> and Bernice Kowalski, and two were of what are described in the evidence
> as hunting camps.  It was alleged that defendant entered these dwellings
> between August 4, 2010, and September 15, 2010.  Defendant admitted to
> police her involvement in three of the crimes, although she disputed whether
> she or someone else had taken some of the missing property from the
> Kowalski residence.

People v. Reynolds, No. 303359, Slip. Op. at * 1.

### IV. Analysis

### A. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

2

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Additionally a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  See McFarland v. Scott, 512 U.S. 849, 856 (1994); Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  A response to the petition is not necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  See Mahaday v. Cason, 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

After undertaking the review required by Rule 4, Petitioner's claim does not entitle her to habeas relief.  Accordingly, the petition must be dismissed.

### B.  Improper Joinder

Petitioner contends that her constitutional rights were violated when the trial court permitted joinder of the four separate home invasion charges in a single trial, when at least two of the home invasions were unrelated to the other incidents.

The Michigan Court of Appeals rejected petitioner's claim as follows:

The record supports the court's conclusion that the break-ins constituted "a series of connected acts." All occurred in Alpena County within a roughly one-and-a-half-month timeframe. Regarding the Trelfa and Kowalski residences, the break-ins occurred after defendant had approached and talked to the homeowners at the residences. Jewelry and gift cards stolen from the homes were later recovered from defendant's apartment. Further, defendant's Ford Explorer was linked to the break-ins of the two hunting camps.

Additionally, the potential for confusion or prejudice was limited when the trial judge clearly instructed the jury that the fact that defendant stood charged of "a number of crimes ... is not evidence." The court also instructed the jury to "consider each crime separately.... You may find the Defendant guilty of all, or any one, or any combination of these crimes, or not guilty of all, or any combination." Further, no claim is made that defendant's counsel was unprepared for trial as a result of the joinder.

We also note that joining the charges into one trial saved both defendant and plaintiff the expense of proceeding with four separate jury trials involving much if not all of the same testimony.

Reynolds, Slip. Op. at * 2 (internal citation omitted).

Improper joinder does not, by itself, violate the federal constitution. United States v. Lane, 474 U.S. 438, 446, n. 8 (1986). The Supreme Court in Lane suggested in passing that misjoinder could rise " to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." Id. The Court of Appeals for the Sixth Circuit has recently noted that the language in Lane concerning a court's failure to sever criminal charges is simply dicta and thus not clearly established federal law. See Mayfield v. Morrow, 528 F.App'x. 538, 541-42 (6th Cir. 2013); cert. den. 134 S. Ct. 530 (2013). Because "'clearly established Federal law' for purposes of § 2254(d)(1) refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions[.],'" Id. (quoting Williams v. Taylor, 529 U.S. at

4

412), the Sixth Circuit concluded that the petitioner could not rely on Lane to obtain habeas relief on his claim that he had been deprived of his right to a fair trial when the judge denied his motion to sever different rape charges. Id.  Another judge in this district, in rejecting a similar claim, indicated that he had "found no Supreme Court cases holding that a defendant in a criminal case has a constitutional right to a separate trial on each of the charges against him." Rodriguez v. Jones, 625 F. Supp. 2d 552, 560-61 (E.D. Mich. 2009).

Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by joining together unrelated criminal charges in a single trial, the Michigan Court of Appeals' rejection of the petitioner's improper joinder claim was not an unreasonable application of clearly established federal law.[1]

_____

[1]Moreover, such claims have typically been rejected by the Sixth Circuit even on direct review of federal convictions unless there is a showing beyond harmless error. See U.S. v. Saadey, 393 F. 3d 669, 679 (6th Cir. 2005).  Likewise, under Michigan law, "severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." Clark v. McLemore, 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(C)).  Here, it was not fundamentally unfair to join the four home invasion charges against petitioner in a single trial because " joinder was an efficient use of resources.  All of the break-ins in this case took place in a one and a half month time frame in Alpena County.  Because these home invasions all took place in close geographical and temporal proximity to one another, the state court's decision to join the four counts together in one trial was reasonable.  Petitioner was also not prejudiced by the joinder of the charges, because the Michigan Court of Appeals indicated that "much if not all of the same testimony" would have been admissible against petitioner at separate trials.  Finally, the trial court gave the jurors a cautionary instruction, which advised them that they "must consider each crime separately" and further that they "may find the Defendant guilty of all, or any one, or any combination of these crimes or not guilty of all, or any combination."

To the extent that petitioner claims that misjoinder allowed for the admission of prior bad acts evidence against her at the single trial, she does not state a plausible claim for habeas relief.  It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000); see also Spalla v. Foltz, 615 F. Supp. 224, 234 (E.D. Mich. 1985).  Likewise, any argument that the state court violated M.R.E. 404(b) by admitting any prior bad acts evidence is non-cognizable on habeas review.  Bey v. Bagley, 500 F 3d 514, 519 (6th Cir. 2007). Estelle, 502 U.S. at 72; Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).

## V.  Conclusion

For the reasons stated above, Petitioner has not presented a viable claim for habeas relief.  Accordingly, the petition is DISMISSED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim or claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [2] See Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if petitioner chooses to appeal the Court's decision, she may proceed in

---

[2]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

 forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. §

1915(a)(3).

      SO ORDERED.

                s/Avern Cohn
               UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 17, 2013, by electronic and/or ordinary mail.

                s/Carol Bethel for Sakne Chami
               Case Manager, (313) 234-5160